UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAXUM INDEMNITY COMPANY,

                Plaintiff,

           - against -

VLK CONSTRUCTION, INC., EDWIN ARRIAGA,
MASTERPIECE U.S., INC., and MOCAL
ENTERPRISES, INC.,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM, ORDER AND
JUDGMENT
14-CV-1616 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Maxum Indemnity Company ("Maxum") commenced this action against defendants VLK Construction, Inc. ("VLK"), Edwin Arriaga, Masterpiece U.S., Inc. ("Masterpiece"), and Mocal Enterprises, Inc. ("Mocal"), seeking declaratory relief concerning the prospective rights and obligations of the parties under an insurance policy it issued to VLK. (Compl. (Doc. No. 1).) Arriaga, Masterpiece, and Mocal filed answers, while the Clerk of Court entered default against VLK. Maxum now moves for summary judgment against Arriaga and default judgment against VLK. (Mot. (Doc. No. 45).) For the reasons below, Maxum's motions are granted.

## BACKGROUND[1]

Maxum, a specialty insurance company, issued an insurance policy to VLK for the period of September 7, 2012 to September 7, 2013 (the "Policy"). (Policy No. BDG0068230-01 (Doc. No. 45-4).) The Policy states as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the inured against

---

[1] The following facts – drawn from Maxum's Local Rule 56.1 statement and the submissions filed in connection with this motion – are undisputed.

any "suit: seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(*Id.* at 27 (ECF pagination).)

The Policy also includes an endorsement entitled "EXCLUSION – INJURY TO EMPLOYEES, WORKERS OR CONTRACTED PERSONS OF INSUREDS OR CONTRACTED ORGANIZATIONS." (Endorsement (Doc. No. 45-4) at 71–72 (ECF pagination) (hereinafter "Employer's Liability Exclusion").) Under the Employer's Liability Exclusion:

> This insurance does not apply to "bodily injury" to:
> 1. Any person who is an "employee", "leased worker", "temporary worker", or "volunteer worker" of you or any insured arising out of and in the course of:
>    (a) Employment by you or any insured; or
>    (b) Performing duties related to the conduct of your or any insured's business;
> 2. Any person who contracted with you or with any insured for services arising out of and in the course of performing duties related to the conduct of your or any insured's business;
> 3. Any person performing work that you have the authority to control or supervise, whether that person is an "employee", "leased worker", "temporary worker", or "volunteer worker" of you or any other person or organization;
> 4. Any person who is employed by, is leased to or contracted with any organization that:
>    (a) Contracted with you or with any insured for services; or
>    (b) Contracted with others on your behalf for services;
>       Arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business; or
> 5. The spouse, child, parent, brother or sister of any of those persons as a consequence of the "bodily injury" described in Paragraph 1, 2, 3, or 4 above.
>
> For the purposes of this exclusion, contracted with includes with an oral or written contract.
>
> This exclusion applies:
> 1. Whether the insured may be liable as an employer or in any other capacity; and
> 2. Whether the insured may have any obligation to share damages with or repay someone else who must pay damages.

(*Id.*)

## I.  The Underlying Action[2]

On December 31, 2012, Arriaga, a VLK employee, was injured while working on a construction project during the course of his employment. The project site was owned by Mocal, who had hired Masterpiece as the general contractor. (Underlying Action Compl. (Doc. No. 45-5) at ¶¶ 6, 12–13.) Arriaga brought a personal injury action against Mocal and Masterpiece in the Supreme Court of the State of New York, Kings County. (*Id.* at 1.) Mocal and Masterpiece then initiated a third-party action against VLK for common-law indemnity, contractual indemnity, contribution, and breach of contract. (Underlying Action Notice of Impleader (Doc. No. 45-6); Underlying Action Third Party Compl. (Doc. No. 45-6) at 7–11 (ECF pagination).)

On January 21, 2014, VLK requested Maxum defend it against the third-party action. (1/21/14 Ltr. (Doc. No. 45-7).) On January 30, 2014, Maxum denied coverage due to the Employer's Liability Exclusion, but offered VLK a courtesy defense in the third-party action pending the resolution of the present action before the undersigned. (1/30/14 Ltr. (Doc. No. 45-8).)

## II.  The Present Action

On March 11, 2014, Maxum filed the present action seeking a declaration that Maxum has no obligation to defend and indemnify VLK, Mocal, or Masterpiece in connection with the underlying action. (Compl.) Mocal and Masterpiece counterclaimed against Maxum, claiming their right to additional insured coverage. (Defs.' Counterclaims (Doc. Nos. 11, 22).) VLK failed to respond to the complaint and its default was noted on the docket. (Clerk's Entry of Default (Doc. No. 17).) On November 5, 2015, after the completion of discovery, Mocal and Masterpiece stipulated that they were withdrawing their counterclaims, acknowledging that the Policy did not cover them as additional insured. (Pl.'s 56.1 (Doc. No. 45-1) at ¶ 19; Stipulation (Doc. No. 44).)

---

[2] The underlying action, *Arriaga v. Mocal Enterprises, Inc. et al.*, Index No. 504266/13, was initiated in the Supreme Court of the State of New York, Kings County.

On November 9, 2015, Maxum moved for summary judgment against Arriaga and default judgment against VLK. As an initial matter, Maxum seeks a declaratory judgment that the Employer's Liability Exclusion bars coverage of the underlying action. From there, Maxum seeks summary judgment against Arriaga because it is not liable for any damages that may be awarded to Arriaga in the underlying action as "third-party claims against VLK are predicated on its employer's liability, which is excluded from coverage under the Policy." (Pl.'s Mem. L. (Doc. No. 45-2) at 7.) Arriaga "has no position on any contractual or coverage issues." (5/15/15 Arriaga Ltr. (Doc. No. 41) at 1.) Maxum also seeks default judgment against VLK "to recoup the $12,289.12 incurred in defending VLK in the third-party action despite there being no contractual obligation to do so" because "the Policy provides no coverage for the matters alleged against VLK in the third-party action." (Pl.'s Mem. L. at 6.)

## STANDARD OF REVIEW

### I. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the non-movant "is to be believed" and the Court must draw all "justifiable" or "reasonable" inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to

a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (collecting cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48).

## II. Default Judgment Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notating the party's default on the docket. *See id.* Second, after the Clerk of Court enters a default against a party, the moving party may then make an application for entry of default judgment, and if the defaulting party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the Court may enter a default judgment. *See* Fed. R. Civ. P. 55(b).

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations pertaining to liability are deemed true," *Gesualdi v. Blue Jay Estates Dev. Corp.*, No. 13-CV-6171 (ADS), 2015 WL 1247079, at *4 (E.D.N.Y. March 18, 2015) (citing Fed. R. Civ. P. 8(b)(6)) (collecting cases), except those allegations relating to damages. *See Au Bon Pain Corp.*, 653 F.2d at 65. "Allegations are not well pleaded if they are 'made indefinite or erroneous by other allegations in the same complaint[,] . . . are contrary to facts of which the court will take judicial notice, . . . are not susceptible of proof by legitimate evidence, or . . . are contrary to uncontroverted material in the file of the case.'" *AW Indus., Inc. v. Sleepingwell Mattress Inc.*, No. 10-CV-4439 (NGG) (RER), 2011 WL 4404029, at *4 (E.D.N.Y. Aug. 31, 2011) *report and recommendation adopted*, 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363, 93 (1973)). Likewise, "conclusory allegations based on information and belief" will not suffice to support a finding of default-based liability. *J & J Sports Prods., Inc. v. Daley*, No. 06-CV-238 (ERK), 2007 WL 7135707, at *3–4 (E.D.N.Y. Feb. 15, 2007).

The burden is on the plaintiff to establish his entitlement to recovery. *See Greyhound ExhibitGroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Thus, even if a plaintiff's claims are deemed admitted, a plaintiff must nonetheless demonstrate that the allegations set forth in the complaint state valid claims. *See Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258 (JS), 2014 WL 4638844, at *7 (E.D.N.Y. Sept. 6, 2014). The Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Balady, Inc. v. Elhindi*, No. 14-CV-855 (SJ), 2014 WL 7342867, at *3 (E.D.N.Y. Dec. 23, 2014) (internal quotation marks and citation omitted). The party moving for default is "entitled to all reasonable inferences from the evidence offered." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (1981)).

**DISCUSSION**

As discussed more fully below, the undisputed facts show that the Employer's Liability Exclusion in the Policy bars coverage of VLK, and any additional insured, in the underlying action initiated by Arriaga against Mocal and Masterpiece. Further Mocal and Masterpiece have stipulated that they were not additional insured under the Policy. Accordingly, Maxum is entitled to summary judgment against Arriaga as it may not be held liable for any damages awarded to Arriaga in the underlying action. Additionally, Maxum is entitled to default judgment against VLK in the amount of its costs incurred in defending VLK in the underlying action. Arriaga "has no position on any contractual or coverage issues" and does not oppose the motion or raise any disputes of fact. (*See* 5/15/15 Arriaga Ltr.) As such, there are no factual disputes and, as discussed below, Maxum has shown that it is entitled to judgment as a matter of law because the Policy bars coverage in the underlying action, Masterpiece and Mocal were not insured under the Policy, and Maxum timely notified the parties that the Policy barred coverage of the underlying action. *See* Fed. R. Civ. P. 56(c).

**I.     The Employer's Liability Exclusion Bars Coverage in the Underlying Action**

The Policy's Employer's Liability Exclusion on its face to bars coverage in the underlying action. The Employer's Liability Exclusion explicitly excludes bodily injury to employees of the insured that occur in the course of the employment:

> This insurance does not apply to "bodily injury" to:
> 1. Any person who is an "employee", "leased worker", "temporary worker", or "volunteer worker" of you or any insured arising out of and in the course of:
>    (a) Employment by you or any insured; or
>    (b) Performing duties related to the conduct of your or any insured's business;

(Employer's Liability Exclusion at 71 (ECF pagination).)

In the underlying action, it is specifically alleged that Arriaga was an employee of VLK, the named insured or "you" in the Policy and all endorsements, including the Employer's Liability

Exclusion quoted above. (Policy at 27 (ECF pagination) ("[T]he words 'you' and 'your' refer to the Named Insured.").) It is further specifically alleged that Arriaga was injured in the course of his employment with VLK. As such, the Exclusion applies on its face to bar coverage to VLK ("you") for injuries sustained by Arriaga ("an 'employee' . . . of you") in the course of his employment by VLK ("Employment by you"). (*See* Employer's Liability Exclusion at 71 (ECF pagination).)

Moreover, "New York courts have held that employee exclusionary clauses containing the same or similar language are plain and unambiguous . . . ." *Lake Carmel Fire Dep't v. Utica First Ins. Co.*, 784 N.Y.S.2d 921 (Sup. Ct. 2004) (quoting *Moleon v. Kreisler Borg Florman Gen. Const. Co.*, 304 A.D.2d 337, 340 (1st Dep't 2003)). Accordingly, the Exclusion applies on its face to bar coverage of VLK in the underlying action.

### a. Masterpiece and Mocal Were Not Additional Insureds Under the Policy

It is undisputed that there was no additional insured coverage under the Policy. Not only is there no additional insured endorsement attached to the Policy, but Masterpiece and Mocal have stipulated as much. Specifically, Masterpiece and Mocal have stipulated "that there is no Insurance coverage for Masterpiece and Mocal under the Maxum insurance policy issued to VLK Construction, Inc. ("VLK") at issue in the captioned action." (Stipulation at 1.)

Moreover, even had the policy included an additional insured endorsement, the Employer's Liability Exclusion would still bar coverage in the underlying action as it was initiated by an employee of the named insured. (*See* Employer's Liability Exception.) *See Soho Plaza Corp. v. Birnbaum*, 108 A.D.3d 518, 521 (2d Dep't 2013) (holding that the plain meaning of a similar exclusion "was that the Utica policy did not provide coverage for damages arising out of bodily injury sustained by an employee of any insured in the course of his or her employment" regardless of the "additional insured endorsement"); *Moleon*, 304 A.D.2d at 340 (holding that a similarly worded exception "applies to exclude coverage to an additional insured where, as here, the main

8

action is brought against such additional insured by the employee of a named insured"); *see also Bassuk Bros. v. Utica First Ins. Co.*, 1 A.D.3d 470, 471 (2d Dep't 2003) (holding that the plain meaning of a similar exclusion "was to relieve Utica of liability when an insured or additional insured was sued or contribution was requested for damages arising out of bodily injury to an employee sustained in the course of employment."); *Lake Carmel Fire Dep't*, 784 N.Y.S.2d 921 ("The employee exclusion clauses contained in the policy issued by defendant Utica operate to preclude coverage for both Fire Department and NAK for the injuries suffered by Palacios during the course of his employment for NAK.").

### b. Timely Disclaimer

The undisputed facts also show that Maxum gave timely notice to the parties in the underlying action that it would not provide coverage. Under New York Insurance Law, if "an insurer shall disclaim liability or deny coverage for . . . bodily injury arising out of . . . any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." N.Y. Ins. L. § 3420(d)(2). "The obligation to give notice of disclaimer of liability 'as soon as is reasonably possible' 'is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage.'" *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14-CV-277 (NRB), 2016 WL 1030134, at *5 (S.D.N.Y. Mar. 10, 2016) (quoting *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 68–69 (2003)). Generally, this timely disclaimer "is considered a condition precedent to the insurer's obligation to defend or indemnify the insured." *Temple Const. Corp. v. Sirius Am. Ins. Co.*, 40 A.D.3d 1109, 1111 (2007) (internal citation omitted).

Here, Maxum was informed of the underlying action on January 22, 2014. Eight days later, on January 30, 2014, Maxum disclaimed coverage. Under the circumstances of this case,

9

disclaimer within eight days is reasonable. *See id.* at 1112 ("Sirius disclaimed as to Temple within a period of approximately eight days, which, as a matter of law, cannot be deemed unreasonable."). Accordingly, Maxum complied with the timely disclaimer requirement.

**II.     Maxum is Entitled to Summary Judgment Against Arriaga**

Maxum has established that it is entitled to summary judgment against Arriaga because it may not be held liable for any damages owed to Arriaga by Mocal, Masterpiece, or VLK. As discussed above, pursuant to the Employer's Liability Exclusion, the Policy excludes coverage for actions brought by employees of the named insured injured in the course of employment. As such, Maxum would not be liable for any recovery owed by VLK. Maxum would additionally not be liable for any recovery owed by Mocal or Masterpiece because they were not covered by the Policy and, even if they were, the Employer's Liability Exclusion would still bar coverage. As such, Maxum has established that it is entitled to summary judgment against Arriaga.

**III.    Maxum is Entitled to Default Judgment Against VLK**

Maxum has also established that it is entitled to default judgment against VLK in the amount of $12,289.12, its costs incurred in defending VLK in the underlying action. VLK has failed to appear in this case and the Clerk of Court entered a notice of default on the record on May 16, 2014. (Clerk's Entry of Default.) As analyzed above, Maxum has established that the facts in the complaint, as supported by the undisputed, authenticated documentary evidence submitted with the Suben Declaration, entitle it to the relief requested.

The well-pleaded factual allegations in the complaint demonstrate that Maxum was not required to cover VLK in the underlying action based on the Employer's Liability Exclusion. Further, Maxum not only provided notice to VLK that it reserved its right to recoup its costs defending VLK in the underlying action before the costs were incurred, but it also clearly pleaded its claim for relief in the complaint, served on VLK in accordance with New York law. (1/30/14

Ltr.; Aff. of Service (Doc. No. 4).) As such, and for the reasons that follow, default judgment is warranted.

### a. Maxum is Entitled to Recoup its Costs Defending VLK in the Underlying Action

"Generally, New York law provides that where coverage is disputed and a liability policy includes the payment of defense costs, 'insurers are required to make contemporaneous interim advances of defense expenses . . . , subject to recoupment in the event it is ultimately determined no coverage was afforded.'" *Axis Reinsurance Co. v. Bennett*, No. 07-CV-10302 (GEL), 2008 WL 2600034, at *2 (S.D.N.Y. June 27, 2008) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Ambassador Grp., Inc.*, 157 A.D.2d 293, 299 (1st Dep't 1990)). "In order to be entitled to reimbursement of defense costs, the insurer must explicitly advise the named insured that it was reserving its right to seek reimbursement against the named insured in the event it is determined the insurer had no defense obligation, and the insured must not object to the reservation." *Century Sur. Co. v. Franchise Contractors, LLC*, No. 14-CV-277 (NRB), 2016 WL 1030134, at *5 (S.D.N.Y. Mar. 10, 2016).

In its January 30, 2014 letter, Maxum informed VLK that it "as a courtesy, will appoint defense counsel to defend VLK in the third-party action," but that it "reserves all of its rights to withdraw the defense upon a declaration of non-coverage and to recoup defense costs incurred in defending the third-party action despite there being no contractual obligation to do so." (1/30/14 Ltr. at 1.) VLK never objected to the reservation. Accordingly, Maxum has established that it is entitled to recoup its defense costs from VLK in the amount of $12,289.12. (Bill Analysis Report (Doc. No. 45-23).) *See Am. Family Home Ins. Co. v. Delia*, No. 12-CV-5380 (ADS) (WDW), 2013 WL 6061937, at *6 (E.D.N.Y. Nov. 15, 2013) ("Because American had no obligation to defend Delia, it is entitled to reimbursement of the monies it spent on that defense, and the invoices

reflecting defense costs in the third party action show the amount owing to be as stated, $41,227.95.")

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED, ADJUDGED AND DECREED

1) that Maxum had no duty to defend VLK, Mocal, or Masterpiece in the underlying action;

2) that Maxum's motion for summary judgment against Arriaga is granted, and Maxum shall not be held liable for any damages owed to Arriaga;

3) that Maxum's motion for default judgment against VLK is granted, and Maxum shall take from VLK the total amount of $12,289.12, representing costs that Maxum is entitled to recoup from VLK in connection with defending VLK in the underlying action.

The Clerk of Court is directed to send a copy of this Memorandum, Order and Judgment to VLK, and close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 8, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge